UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KIMBERLY C. AUSTIN ) | |
| ) | |
| v. ) | NO. 2:05-CV-64 |
| ) | |
| ED GRAYBEAL, Sheriff of Washington ) | |
| County, Tennessee; BRENDA DOWNS; ) | |
| and DEBRA CLOYD ) | |

## MEMORANDUM and ORDER

Kimberly C. Austin, an inmate in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action, seeking injunctive relief under 42 U.S.C. § 1983 from alleged unconstitutional conditions of confinement. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where she now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in her inmate trust account

for the six-month period preceding the filing
of the complaint on March 4, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to her trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office. [1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In her complaint, the plaintiff states two claims. In the first one, she maintains that she needs educational and drug rehabilitation; that the WCDC offers Residential Substance Abuse Treatment and GED classes for male inmates, but not for female inmates; and that this constitutes illegal discrimination based on gender. The second claim is that she has sent written requests to defendant Debra Cloyd, the Criminal Justice Mental Health Liaison at the WCDC, stating that she is very depressed and needs antidepressant medications, but has not received a response.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as she shall have exhausted her available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th

---

[1] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted administrative remedies as to " each of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Toombs,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of her complaint that the WCDC has a prisoner grievance procedure, but that she did not present the facts relating to her claims through the grievance system because she "requested a grievance" but was "denied." In a handwritten attachment to her statement of claims section in the complaint, she further explains that she requested a grievance on February 28, 2005, when defendant Cloyd did not respond to her written request for antidepressant medication. However, the plaintiff does not identify the person who denied her request for a grievance and does not make any allegations concerning filing a grievance with respect to her claim that she was denied opportunities to participate in drug and GED programs on the basis of her gender. And, she does

she contend that "there was no other source for obtaining a grievance form or that [s]he made any other attempt to obtain a form or file a grievance without a form." *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that she was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

**ENTER**:

_____
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE